UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
U.S.W.U. LOCAL 74 WELFARE FUND,
and U.S.W.U. LOCAL 74 SUPPLEMENTAL
BENEFITS FUND, by their Trustees
SAL ALLADEEN and DANIEL C. AUSTIN,

                                                                                                  18 Civ.

                Plaintiffs,

        -against-                                                   COMPLAINT

GATEWAY SECURITY, INC.,
d/b/a GATEWAY GROUP ONE,

                Defendant.
------------------------------------------------------------X

Plaintiffs, U.S.W.U. LOCAL 74 WELFARE FUND, and U.S.W.U. LOCAL 74 SUPPLEMENTAL BENEFITS FUND, by their Trustees, SAL ALLADEEN and DANIEL C. AUSTIN, by their attorneys, O'DWYER & BERNSTIEN, LLP, complaining of defendant GATEWAY SECURITY, INC., d/b/a GATEWAY GROUP ONE, allege the following:

## NATURE OF ACTION

1. This is an action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"); 29 U.S.C. §1001, et seq., and the Labor Management Relations Act of 1974 ("LMRA"), 29 U.S.C. §152 et seq., to compel Defendant to make benefit fund contributions on behalf of its employees in accordance with the applicable law, trust agreements, and the collective bargaining agreement.

## JURISDICTION

2. Jurisdiction over this cause of action is conferred upon this Court by Sections 502(a)(3), 502(e), and 502(f) of ERISA, 29 U.S.C. Sections 1132 (a)(3), (e), and (f).

## VENUE

3. Venue is proper in this district pursuant to ERISA Section 502(e)(1), 29 U.S.C. §1132(e)(1), in that the plaintiff employee benefit plans are administered in this District.

## PARTIES

4. At all times relevant herein, the U.S.W.U. LOCAL 74 WELFARE FUND (hereinafter "the WELFARE FUND"), was a jointly trusteed employee benefit plan within the meaning of Sections (3)(1), (2), and (3) of ERISA and §502(d)(1) of ERISA, 29 U.S.C. Sections 1002(1), (2), (3) and 1132(d)(1). Sal Alladeen and Daniel C. Austin are Trustees of the WELFARE FUND and appear in their representative capacities.

5. At all times relevant herein, the WELFARE FUND had its principal place of business at 36-36 33rd Street, Long Island City, New York 11106.

6. At all times relevant herein, the U.S.W.U. LOCAL 74 SUPPLEMENTAL BENEFITS FUND (hereinafter "the SUPPLEMENTAL BENEFITS FUND"), was a jointly trusteed employee benefit plan within the meaning of Sections (3)(1), (2), and (3) of ERISA and §502(d)(1) of ERISA, 29 U.S.C. Sections 1002(1), (2), (3) and 1132(d)(1). Sal Alladeen and Daniel C. Austin are Trustees of the SUPPLEMENTAL BENEFITS FUND and appear in their representative capacities.

7. At all times relevant herein, the SUPPLEMENTAL BENEFITS FUND had its principal place of business at 36-36 33rd Street, Long Island City, New York 11106.

8.     Upon information and belief, defendant GATEWAY SECURITY, INC., d/b/a GATEWAY GROUP ONE (hereafter "GATEWAY") was a New Jersey corporation with offices located at 604-608 Market Street, Newark, New Jersey 07105.

9.     At all relevant times herein, GATEWAY was an employer in an industry affecting commerce within the meaning of ERISA Sections (3)(5), (11), and (12), 29 U.S.C. §§1002 (5), (11), and (12).

10.    At all relevant times herein, there were in force and effect collective bargaining agreements, including extensions thereof, by and between GATEWAY and Local 74, United Service Workers Union, International Union of Journeymen and Allied Trades ("Local 74").

11.    At all relevant times herein, said collective bargaining agreements and extensions thereof established terms and conditions of employment of Local 74 bargaining unit workers, including that GATEWAY was required to make contributions to the WELFARE FUND and SUPPLEMENTAL BENEFITS FUND for employees in various bargaining units, including but not limited to taxi dispatchers and customer care representatives at various airports, including but not limited to JFK, LaGuardia, Stewart, Las Vegas, Houston, and Panama City.

12.    At all relevant times herein, there were in force and effect a Declaration of Trust of the WELFARE FUND and a Delinquent Contribution Collection Policy, among other documents, with which Defendant was required to comply.

13.    At all relevant times herein there were in force and effect Trustee resolutions of the WELFARE FUND with which Defendant was required to comply by virtue of the Declaration of Trust of the WELFARE FUND, among other documents and applicable law.

14. At all relevant times herein, there were in force and effect a Declaration of Trust of the SUPPLEMENTAL BENEFITS FUND and a Delinquent Contribution Collection Policy, among other documents, with which Defendant was required to comply.

15. At all relevant times herein, there were in force and effect Trustee resolutions of the SUPPLEMENTAL BENEFITS FUND with which Defendant was required to comply by virtue of the Declaration of Trust of the SUPPLEMENTAL BENEFITS FUND, among other documents and applicable law.

## COUNT I

16. Plaintiffs repeat the allegations of the preceding paragraphs of the complaint as if set forth in full hereat.

17. Despite due demand therefor, GATEWAY has failed and/or refused to make all required contributions to the WELFARE FUND for covered employed at JFK Airport for the months of May through August, 2018 in the principal sum of $6,240, subject to increase as a result of additional delinquencies over the course of these proceedings.

18. Despite due demand therefor, GATEWAY has failed and/or refused to make all required contributions to the WELFARE FUND for covered employed at LaGuardia Airport for the months of May through August, 2018 in the principal sum of $1,920, subject to increase as a result of additional delinquencies over the course of these proceedings.

19. Despite due demand therefor, GATEWAY has failed and/or refused to make all required contributions to the WELFARE FUND for covered employed at Houston Airport for the months of May through October, 2018 in the principal sum of $7,070, subject to increase as a result of additional delinquencies over the course of these proceedings.

20. Despite due demand therefor, GATEWAY has failed and/or refused to make all required contributions to the WELFARE FUND for covered employed at Las Vegas Airport for the months of May through October, 2018 in the principal sum of $83,830, subject to increase as a result of additional delinquencies over the course of these proceedings.

21. Despite due demand therefor, GATEWAY has failed and/or refused to make all required contributions to the WELFARE FUND for covered employed at Charlotte, North Carolina Airport for the months of January through October, 2018 in the principal sum of $65,050, subject to increase as a result of additional delinquencies over the course of these proceedings.

22. GATEWAY's failure and/or refusal to make such required contributions to the WELFARE FUND is a violation of the collective bargaining agreement, the Agreement of Declaration of Trust, and of ERISA Section 515, 29 U.S.C. §1145.

23. Despite due demand therefor, GATEWAY has failed and/or refused to make all required contributions to the SUPPLEMENTAL BENEFITS FUND for covered employees at various locations and for various months, including but not limited to January 2017 through and including the date hereof, in the principal sum of $1,000, , subject to increase as a result of additional delinquencies over the course of these proceedings.

24. GATEWAY's failure and/or refusal to make such required contributions to the SUPPLEMENTAL BENEFITS FUND is a violation of the collective bargaining agreement, the Agreement and Declaration of Trust, and of ERISA Section 515, 29 U.S.C. §1145.

25. Upon information and belief, unless ordered by this Court, Defendant will continue to fail and refuse to remit proper and full monthly contributions, such that the principal sums due and owing will increase monthly.

26. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing, and irreparable injury unless Defendant is ordered to specifically perform all of its required obligations and is restrained from continuing to refuse to so perform.

WHEREFORE, Plaintiffs demand judgment against GATEWAY as follows:

(a)  Awarding judgment in the principal amount of contributions due and owing to the WELFARE FUND, in the sum of $104,110, exclusive of interest;

(b)  Awarding judgment in the principal amount of contributions due and owing to the SUPPLEMENTAL BENEFITS FUND, in the sum of $1,000, exclusive of interest;

(c)  Granting Plaintiffs reasonable attorneys' fees, costs and expenses of this action, interest on principal from date due until paid at the rate of 10% per annum, and liquidated damages of 20% of the principal sum due;

(d)  Ordering Defendant to make timely contributions in the future;

(e)  Requiring Defendant to post collateral to secure compliance with its contribution requirements; and

 (f) Such other and different relief as this Court deems just and proper.

Dated: New York, New York
   October 15, 2018

          Yours, etc.,

          O'DWYER & BERNSTIEN, LLP

    By: _____
          GARY SILVERMAN (GS9287)
          ZACHARY HARKIN (ZH0620)
          Attorneys for Plaintiffs
          52 Duane Street, 5th Floor
          New York, New York 10007
          (212) 571-7100